UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:23-03885 ADS                                           Date:  June 27, 2024

Title:  *Gundry Partners, L.P. v. indieDwell, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|           Kristee Hopkins           |           None Reported           |
|:-----------------------------------:|:---------------------------------:|
|            Deputy Clerk             |       Court Reporter / Recorder   |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|:-------------------------------------:|:-------------------------------------:|
|              None Present             |              None Present             |

**Proceedings:**     (IN CHAMBERS) ORDER TO SHOW CAUSE RE APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT (DKT. NO. 76)

On April 23, 2024, after granting Defendant indieDwell's ("Defendant") counsels' motion to withdraw as counsel, and after Defendant's failure to file a substitution of counsel, the Court struck Defendant's Answer and Counterclaim (Dkt. Nos. 41, 47), entered default against Defendant, and ordered Plaintiff Gundry Partners LP ("Plaintiff") to file an application for default judgment.  (Dkt. No. 75.)  On May 8, 2024, Plaintiff filed an Application for Entry Default Judgement By The Court ("the Application") requesting a $513,447.88 judgment against Defendant.  (Dkt. No. 76.)  A hearing on the Application is set for July 3, 2024 (the "Hearing").  (Dkt. No. 79.)

It appears, however, that Plaintiff has not complied with the procedural requirements for default judgment and the Application is subject to dismissal.  "If the party against whom a default judgment is sought has appeared . . . , that party or its representative must be served with written notice of the application at least 7 days before the hearing."  Fed. R. Civ. P. 55(b); C.D. Cal. R. 55-1 (application for default judgment must include that notice has been served on defaulting party).  Failure to do so is grounds for denying an application for default judgment.  See Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 368 (9th Cir. 1977) ("The failure to provide 55(b)(2) notice . . . is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing for the failure to do so."); PHL Variable Ins. Co. v. Crescent Fin. & Ins. Agency, Inc. et al., No. CV 16-01307-CAS (AJWx), 2017 WL 4342050, at *3 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:23-03885 ADS                                              Date:  June 27, 2024

Title:  *Gundry Partners, L.P. v. indieDwell, et al.*

Cal. Sept. 28, 2017) (denying default judgment because counsel indicated that notice "is being served" on the defendant rather than affirming that written notice "ha[d] been served").

Defendant appeared in this case by filing an Answer and Counterclaim. This is true even though the Court later struck those pleadings. See SolMark Int'l Inc. v. Galvez, No. CV 20-04437-SB (PLAx), 2022 WL 2232748, at *3 (C.D. Cal. Jan. 27, 2022) ("Although Forbes's answer was later stricken and default entered against him, courts have held that Rule 55(b)(2) requires notice under these circumstances."); see also Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 689 (9th Cir. 1988) (explaining normally an appearance involves some submission to the court, but because default judgments "are disfavored, a court usually will try to find that there has been an appearance").

Accordingly, Plaintiff was required to serve Defendant with written notice of the Application at least seven days before the Hearing. The Application, however, does not include a proof of service nor has Plaintiff filed one to date. The Application merely states that "Plaintiff will provide notice" of a hearing on the Application. (Dkt. No. 76 at 2.) This is insufficient. See, e.g., Philip Smith v.Ryan Compton, et al., No. CV 22-8439-MWF (BFMx), 2024 WL 3075245, at *2 (C.D. Cal. Apr. 24, 2024) (denying motion for default judgment that noted defaulting party "will be notified" and "a proof of service will be filed evidencing the same" but no such documents were filed). At present, Plaintiff has not provided sufficient evidence that it has served Defendant with written notice of the Application as required by Rule 55(b)(2). The Application, therefore, may be subject to denial.

The Court **ORDERS** Plaintiff to show cause **by no later than 4 p.m. on June 28, 2024,** why the Application should not be denied for failure to satisfy the procedural requirements for obtaining default judgment.

**IT IS SO ORDERED.**

Initials of Clerk kh